HASS et al. v. SELIC et al.

(City Court of New York, General Term. January 3, 1899.)

SALES—RESCISSION BY SELLER—PLEADING.

In an action for the price of goods which had been taken from the buyer by third persons, an answer alleging that before the taking plaintiff had demanded a rescission of the sale, and that a rescission was agreeable to defendant, was insufficient for failure to allege that defendant in fact agreed to a rescission and communicated his assent to plaintiffs.

Appeal from trial term.

Action by Leopold Hass and others against Louis Selic and another. A verdict was directed for plaintiffs, and from an order refusing to set it aside defendants appeal. Affirmed.

Argued before FITZSIMONS, C. J., and O'DWYER, J.

Max D. Steuer, for appellants.
Benno Loewy, for respondents.

FITZSIMONS, C. J. The complaint alleges that on the 21st day of April, 1898, plaintiffs sold and delivered goods to defendants, at their request, of the reasonable and agreed-upon value of $295.31, and their refusal to pay upon demand, and asked for judgment accordingly. The answer alleges as follows: First. Upon information and belief, that subsequent to the 21st day of April, 1898, and prior to the commencement of this action, these plaintiffs claimed that these defendants had obtained the goods mentioned and referred to in the complaint under false and fraudulent representations, by the defendants made to the plaintiffs, as to defendants' financial responsibility, and that the plaintiffs had relied upon the said representations and believed them to be true, and, relying upon them, had parted with their goods, and therefore the plaintiffs claimed to have a right to rescind the sale of the said goods to these defendants, and did rescind the sale of said goods and demanded a return of said goods, and wholly revoked, canceled, and annulled the said sale. Second. That heretofore, and prior to the commencement of this action, the sheriff of the county of New York, under and pursuant to certain writs of replevin issued by Nathaniel Whitman, George H. Dunham, Arthur L. Lesher, Thos. W. Lowell, and Raymond Lesher, doing business as Lesher, Whitman & Company, and also under a writ of replevin issued to the said sheriff by Herman Hahlo, Hugo H. Hahlo, Julius H. Hahlo,

and Henry G. Hahlo against these defendants, and also under a writ of replevin issued by Moses Medelsohn and Sigmund Medelsohn against these defendants, took from the possession of these defendants the goods mentioned and referred to in the complaint herein. Third. Upon information and belief, these plaintiffs, after the said goods had been taken from these defendants by Thomas J. Dunn, as sheriff of the county of New York, under and by virtue of these various writs of replevin, made demand upon the said sheriff for the return of the said goods to them (the plaintiffs), the plaintiffs having recently rescinded their sale to these defendants of the said goods, and claimed to have a right to recover the same from the possession of Thomas J. Dunn, as the sheriff of the county of New York, who took the said goods from the possession of these defendants. Fourth. That the defendants were entirely agreeable that the plaintiffs should rescind the said contract of sale and permitted the plaintiffs to rescind the said contract of sale, and the defendants were perfectly willing to restore the said goods to the plaintiffs and are perfectly willing that the plaintiffs become possessed of the goods, and consented that the plaintiffs should take the said goods from the possession of said sheriff, who unlawfully, without right or authority, took the same from the possession of these defendants. The issues so framed coming on for trial, the court, upon motion, directed the jury to find a verdict upon the pleadings in plaintiffs' favor for the sum of $296.45, which was done. Defendants moved to set aside such verdict, which motion was denied; hence this appeal.

In our judgment the trial justice was right in his direction, accepting as true all of the allegations contained in the answer. It does not appear that plaintiffs and defendants, between themselves, agreed as to the truth of said allegations, and further agreed to rescind and cancel the sale of said goods. The most that defendants' answer alleges is that they were entirely agreeable that plaintiffs should rescind the contract of sale and permitted the plaintiffs to so rescind. It does not allege that such consent was submitted to plaintiffs and accepted by them. This, we think, was a necessary allegation in this instance. As we view this matter, the material allegations of defendants' answer, to be of use to them herein, should have alleged that said rescission was not alone demanded by plaintiffs, but was agreed to by defendants, and that such consent was communicated to and accepted by plaintiffs. Nothing of that kind is alleged, and it therefore appears to us that the judgment must be affirmed, with costs, and is so affirmed.

O'DWYER, J., concurs.